IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMY RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-0858 |
| ) | |
| MIDLAND CREDIT MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

AND NOW COMES Plaintiff Sammy Rodgers, by and through his undersigned counsel, and files this, his Complaint against Midland Credit Management Inc.:

1. Plaintiff is Sammy Rodgers ("Rodgers"), an individual.

2. Defendant is Midland Credit Management Inc. ("MCM"), a collection agency.

3. Jurisdiction is conferred upon this Court pursuant to 28 USC 1331 and 15 USC 1692k(d) as this suit is for damages and other relief under the Fair Debt Collection Practices Act.

4. In mid-2021, a representative of MCM spoke with Rodgers about settling a debt purportedly assigned to the collection agency by a third party with reference numbers 20-119876, 2493954, 342832112, XXXXX8918, P15 T405, 003, and original creditor account number XXXXXXXXXXXX4734.  During the telephone call, MCM represented to Rodgers that he could not dispute the debt that they were trying to collect because a default judgment against him was entered by a court.  MCM did not identify the court with the alleged

5. Based on the false representation by MCM's collectors, Rodgers became very concerned and hired a legal research company, ABC Agents Inc., to investigate whether a judgment against him existed in any state or federal court.  ABC Agents charged Rodgers $1,750 for this service as it involved a nationwide search of court databases

and, due to the popularity of his name and variations thereof, cases had to be systematically eliminated.

6. Through the search, it was learned that MCM did indeed file a suit in 2020, but it did not obtain any judgment against Rodgers. On the contrary, MCM never served the suit upon Rodgers.

7. Therefore, MCM made two material false representations: First, it knowingly misrepresented and advanced its claim that a judgment existed against Rodgers. Second, it knowingly misrepresented that Rodgers could not dispute the debt.

8. Additionally, based on information and belief, MCM was not properly assigned the debt, and lacked standing to collect it. Therefore, MCM's entire attempt to collect the debt constitutes a misrepresentation.

9. Misrepresentations such as those described above by collection agencies, such as MCM, are prohibited pursuant to 15 USC 1692e(2)(A), 15 USC 1692e(2)(B)(A), and other sections of the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff Sammy Rodgers demands judgment against Midland Credit Management Inc. pursuant to 15 USC 1692k, including (a)(1) His actual damages in an amount to be proven at trial including, but not limited to the $1,750 paid to ABC Agents; (a)(2) additional damages as the court may allow, but not exceeding $1,000; (a)(3) costs and reasonable attorney fees for prosecuting this action; an injunction preventing MCM from further violations of the Fair Debt Collection Practices Act; and any further relief that may be appropriate and just.

Respectfully submitted,

/s/ J. Allen Roth, Esq
J. Allen Roth, Esq. (PA ID 30347)
805 S Alexandria Street
Latrobe PA  15650
(724) 686-8003
federal@jarothlaw.com

ATTORNEY FOR SAMMY RODGERS