IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMY RODGERS,<br><br>         Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>         Defendant. | No. 2:21-CV-00858-NBF |

**FED. R. CIV. P. 26(f) REPORT OF THE PARTIES**

**1.** **Identification of counsel and unrepresented parties:**

    **a.** **Counsel for Plaintiff, Sammy Rodgers:**

        J. Allen Roth, Esquire
        Law Office of J. Allen Roth
        805 S. Alexandria Street
        Latrobe, PA 15650
        (P) 724-686-8003
        (F) 724-537-5872
        federal@jarothlaw.com
        office@jarothlaw.com

    **b.** **Counsel for Defendant, Midland Credit Management, Inc.:**

        Michael P. Trainor, Esquire
        Jonathan F. Ball, Esquire
        Blank Rome LLP
        One Logan Square
        130 N. 18th Street
        Philadelphia, PA 19103
        (P) 215-569-5500
        (F) 215-569-5555
        michael.trainor@blankrome.com
        jonathan.ball@blankrome.com

2. **Set forth the general nature of the case:**

   Alleged violation of the Fair Debt Collection Practice Act,
   15 U.S.C. §1692, *et seq.* (hereinafter, the "FDCPA")

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) conference was held via telephone on April 27, 2022, with J. Allen Roth participating for Plaintiff and Jonathan F. Ball participating for Defendant.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   Tuesday, May 24, 2022, at 3:00 p.m. (by telephone)

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P 12 and the date(s) by which any such anticipated motion may be filed:**

   Defendant anticipates filing a motion for partial or complete summary judgment pursuant to Fed. R. Civ. P. 56 within 45 days after the close of discovery.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the Court regarding the ADR designation:**

   Court sponsored non-binding arbitration to be scheduled within 60 days after the Rule 16 Conference.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   Not applicable.

8. **Subjects on which fact discovery may be needed:**

   **Plaintiff's Position**:

   Plaintiff anticipates discovery will be needed to obtain the recordings to the telephone calls placed, the log of calls, the identity of the persons making the calls, the policies and training manuals for the collectors, and other matters related to the allegations in the Complaint and the defenses in the Answer.

**Defendant's Position**:

Defendant anticipates that it will need to conduct discovery as to Plaintiff's allegations, including but not limited to, Plaintiff's claim that Midland represented that it had obtained a judgment against Plaintiff and/or otherwise violated the FDCPA. Defendant also anticipates that it will need to conduct discovery regarding Plaintiff's alleged damages, including alleged counsel fees.

**9. Set forth suggested dates for the following:**

    **a. Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

    June 3, 2022

    **b. Date by which additional parties shall be joined:**

    June 24, 2022

    **c. Date by which the pleadings shall be amended:**

    June 24, 2022

    **d. Date by which fact discovery should be completed:**

    September 30, 2022

    **e. If the parties agree that discovery should be conducted in phases or limit to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

    Not applicable.

    **f. Date by which Plaintiff's expert reports should be filed:**

    Not applicable.

    **g. Date by which depositions of Plaintiff's expert(s) should be completed:**

    Not applicable.

    **h. Date by which Defendant's expert reports should be filed:**

    At this time, Defendant does not anticipate a need to engage an expert in this matter but reserves the right to do so should discovery deem it appropriate.

i. **Date by which depositions of Defendant's expert(s) should be completed:**

Not applicable at this time. Defendant does not currently anticipate a need to engage an expert in this matter but reserves the right to do so should discovery deem it appropriate.

j. **Date by which Third Party expert's reports should be filed:**

Not applicable.

k. **Date by which depositions of Third Party expert(s) should be completed:**

Not applicable.

10. **If the parties agree that changes should be made to the limitation or discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitation should be imposed on discovery, set forth such changes or limitation:**

Midland reserves the right to seek a Confidentiality Order in the event that Plaintiff's discovery requests seek disclosure of any trade secrets, confidential information, or otherwise protected information.

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

    a. **ESI.** Is either party seeking the discovery of ESI in this case?

    ☐ Yes   ☒ No  [If "No," skip to sub-part (e) below.]

    b. **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

    ☒   Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by September 30, 2022          .

    ☐   Have developed an ESI discovery plan (as attached).

    ☐   Will have an ESI discovery plan completed by _____.

    NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of

electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

c. **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

☒ Yes ☐ No

d. **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

☒ Yes ☐ No

e. **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E.502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

☒ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

☐ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

☐ Are unable to agree on appropriate non-waiver language.

f. **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.

☐ Yes ☒ No

g. **Other.** Identify all outstanding disputes concerning any ESI issues:
None at this time.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:** (The parties are not required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-

Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

> The parties elect to schedule the Post-Discovery Status Conference following the completion of Fact Discovery.

    **a.**    **Settlement and/or transfer to an ADR procedure;**

    **b.**    **Date for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraph 9.f. through 9.k. above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

    **c.**    **Dates by which dispositive motions pursuant to Fed. R. Civ. P 56, replies thereto and responses to replies should be filed;** .

    **d.**    **Dates by which parties' pre-trial statements should be filed;**

    **e.**    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    **f.**    **Dates by which *in limine* and *Daubert* motions should be heard;**

    **g.**    **Date proposed for final pre-trial conference;**

    **h.**    **Presumptive and final trial dates;**

**13.**    **Set forth any other order(s) that the parties agree should be entered by the Court pursuant to Fed. R. Civ. P. 16(b) or 26(c).**

Not applicable.

**14.**    **Set forth whether the parties anticipate that the Court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

Not applicable.

15. **If the parties have failed to agree with regard to any subject for which a report is required set for above, except for proposed dates required in paragraph 9, above, briefly set for the position of each party with regard to each matter on which agreement has not been reached:**

    Not applicable.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    The parties have been engaged in settlement discussions. The parties exchanged proposals and are continuing their settlement discussions.

Date: May 17, 2022                                          Respectfully Submitted,

*/s/ J. Allen Roth*                                          *Jonathan Ball*
J. Allen Roth, Esquire                                       Jonathan F. Ball
805 S. Alexandria Street                                     Blank Rome, LLP
Latrobe, PA  15650                                           130 N. 18th Street
                                                             Philadelphia, PA  19103
(P) 724-686-8003                                             (P) 215-569-5609
(F) 724-537-5872                                             (F) 215-501-5769
federal@jarothlaw.com                                        jonathan.ball@blankrome.com
*Counsel for Plaintiff,*                                     *Counsel for Defendant,*
*Sammy Rodgers*                                              *Midland Credit Management, Inc.*