IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMY RODGERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) No. 2:21cv00858 |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) |
| TRANSUNION LLC, | ) |
| EQUIFAX INC., | ) |
| EQUIFAX CREDIT INFORMATION | ) |
| SERVICES INC., | ) RE:  Entry 53 |
| INNOVIS DATA SOLUTIONS INC. | ) |
| EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC., | ) |
| | ) |
|     Defendants. | ) |

**BRIEF IN OPPOSITION TO THE MOTION TO DISMISS; OR IN THE ALTERNATIVE, MOTION TO TRANSFER**

AND NOW COMES Plaintiff Sammy Rodgers ("Rodgers"), by and through his undersigned counsel, and files this, his opposition to the Motion to Dismiss or in the Alternative, to Transfer Venue filed by Midland Credit Management ("MCM"):

    I. **MCM's Venue Objections Should be Denied**

        a. **Plaintiff not allege or plead venue**

MCM repeatedly infers that Plaintiff must, with facts, allege venue.  *See* Docket Entry 53, page 3, note 5 (complaining of vagueness relating to "any clear indication of venue").  While Plaintiff alleged some facts relating to venue, he is not limited to those facts.  MCM claims Plaintiff relies solely on a specific venue provision, but this is not the case either.

"[I]n contrast to pleading requirements for jurisdiction, plaintiff is not required to include in his complaint allegations showing that venue is proper in the district in which the suit has been brought." *Simon v. Ward*, 80 F. Supp.2d

464, 468 n. 9 (E.D.Pa. 2000) (citing FED. R. CIV. P., Advisory Committee Notes to Form 2, at ¶ 3, which states, "Since improper venue is a matter of defense, it is not necessary for plaintiff to include allegations showing the venue to be proper," and also *citing* 15 Wright & Miller, *Federal Practice and Procedure*, § 3826 (1987)).

Defendant, however, recognizes at page 7 of its brief, citing *Myers v. American Dental Ass'n*, 695 F3d 716, 724 (3d Cir. 1982), that it "bearss the burden of showing that the chosen venue in improper or, in the alternative, that transfer to another district is justified for other reasons." In this case, MCM did not provide any facts to aver that this Court does not maintain venue.

### b.  The Plaintiff's residence is not an element of venue

MCM, most probably referring to Pennsylvania's state court venue procedures, repeatedly references the residence of the Plaintiff.  *See* Entry 53 at page 5 (discussing Plaintiff's residence); *id* at fn. 2 (noting one of Plaintiff's mailing addresses in New York).

However, venue does not have anything to do with a Plaintiff's residence. 28 USC 1391(b) governs venue and it mentions (1) a judicial district where any defendant resides; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Looking at the Complaint, the omissions involve MCM and the credit bureaus' failure to process certain disputes.  These acts and omissions occur

in locations that only the defendants are aware of including the offices and data processing centers of MCM and the credit bureaus.

In addition, we would turn to 28 USC 1391(d) as to the location of the defendants. That statute explains, "Residency of Corporations in States With Multiple Districts.— For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."

None of these factors have anything to do with the Plaintiff's residency.

c. **MCM does not aver where venue would be proper.**

Despite recognizing that it maintains the burden of proof to show venue does not exist in the Western District of Pennsylvania, it does not identify where venue exists. MCM did not identify the locations where it exchanged information or handled the dispute process with the credit bureaus, it did not identify the jurisdictions where it maintains a residence, and it provided no identification as to where venue should exist– except to point to Plaintiff's addresses (which are mail receiving centers).

d. **MCM confuses general and specific jurisdiction**

MCM cites *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) to claim that it does not matter how much business it conducts in Pennsylvania, it cannot be subject to jurisdiction. However,

*Bristol-Myers Squibb* related to a determination of specific jurisdiction, not general jurisdiction which would be more proper for venue considerations.

In this case, MCM seems to be admitting that it regularly conducts business in Pennsylvania. MCM is registered to conduct business in Pennsylvania and it maintains an agent in Pennsylvania. MCM was found in Pennsylvania and served with the summons in Pennsylvania.

The proper test is whether MCM's "affiliations with the [forum] State are so 'continuous and systematic' as to render them essentially at home" there. *Daimler AG v. Bauman,* 131 S. Ct. 2846 (2011). Despite having the initial burden to demonstrate a lack of personal jurisdiction, it does not provide any evidence as to its business operations in Pennsylvania, fails to explain how it was served in Pennsylvania if it does not have continuous and systematic contact, and improperly disavows its continuous debt collection activities.

e. ***Mallory v. Norfolk S. Ry. Co.*** **does not help MCM**

In this case, MCM cites *Mallory v. Norfolk S. Ry. Co.*, 266 A2d 542 (Pa. 2021), *cert. Granted* 142 S. Ct. 2646 (2022) to claim that this Court lacks venue because its registration cannot be used to determine personal jurisdiction.

The *Mallory* case is a state court decision interpreting the federal Constitution. The Supreme Court of the United States took the case upon review. The case merely stated that the mere registration, "absent affiliations within the state that are so continuous and systematic as to render the foreign corporation essentially at home in Pennsylvania," could not form the basis for general jurisdiction in the Commonwealth.

In this case, MCM does not allege that it does not have affiliations within the state that are so continuous and systematic as to render the foreign corporation essentially at home in Pennsylvania"-- in fact, MCM never bothered to seek dismissal for a lack of personal jurisdiction.

Therefore, *Mallory*– which is not binding on this Court– still requires a factual, jurisdictional analysis of MCM's business activities in Pennsylvania, its registration, and the maintenance of an office in Pennsylvania.

### f.  MCM failed to meet its burden of proof as to venue

MCM alleged no facts showing venue rests elsewhere. It failed to show that Pennsylvania does not have general jurisdiction over it.

### g.  Plaintiff is entitled to venue discovery

If this Court finds that MCM's bare allegations are enough to shift the burden of proof to Plaintiff, then discovery must occur as to MCM's contacts with Pennsylvania to determine whether "its affiliations within the state that are so continuous and systematic as to render the foreign corporation essentially at home in Pennsylvania." MCM cites no information about itself, but only discusses the Plaintiff. Therefore, discovery as to these facts must occur prior to this Court dismissing the action for a lack of venue or transferring the case.

## II. Transfer of the Case to an Unknown District Would be Improper

As this Court is aware, Plaintiff is a flight attendant. He is moreless transient without a home state, working full time conducting international flights for American Airlines. As Defendant points out, Plaintiff has contacts in Colombia, New York, Pennsylvania, Arkansas, and Florida.

How exactly this makes Pennsylvania an inconvenient forum is not clear. MCM does not aver where its witnesses are. It does not state where the witnesses from the credit bureaus reside. It provides no information to show how moving this action to another forum would aid in the resolution of the case.

Worse, MCM fails to identify the district it should be moved to. It simply complains that Plaintiff failed to allege facts regarding his residence. However, as the venue statute explains, the Plaintiff's residence is not an element. If the Plaintiff resides for a month in Miami, a month in Colombia, a month in Arkansas, and receives mail at a mail center in New York, how does litigating in Pennsylvania affect the witnesses that MCM and the credit bureaus will bring.

MCM certainly cannot be arguing that litigating the case in Pennsylvania would be burdensome to the Plaintiff– he is a flight attendant and has unlimited flying privileges with American Airlines. MCM lacks standing to help the Plaintiff by moving the action to an unknown district for his convenience.

As stated above, the burden is on MCM to show where the action should be transferred to and why. The Plaintiff's residence has nothing to do with anything.

### III. The Complaint States a Claim

As explained in the Complaint, Plaintiff made disputes to the credit bureaus and MCM about the content of his credit report. MCM failed to correct it. Plaintiff fairly alleged that violations of 15 USC 1681s-2(b) occurred.

As to declaratory and injunctive relief, 28 USC 2201 and 28 USC 2202 provide for this relief. As this Court has jurisdiction for violations of the dispute and reporting provisions, it can clear up the justiciable controversy.

### IV. This Court Must Allow Amendment Before Any Dismissal

Plaintiff's Amended Complaint alleged damages, but omitted seeking money to attempt to speed up resolution of the action. If this Court finds that Plaintiff cannot proceed without seeking damages, he can assert a claim for statutory damages only and easily cure MCM's desire to make the action more burdensome and costly to the parties.

Similarly, if this Court finds that Plaintiff did not specifically invoke 15 USC 1681s-2(b)-- which the Amended Complaint fairly did– the action can be amended to reiterate it. Therefore, dismissal would be improper when the perceived defects can be corrected easily.

### V. Conclusion

Based on the fact that MCM did not meet its burden of proof to show a lack of venue, and because it does not identify any district where litigation would be more proper, the venue and transfer issues should be denied. As to the alleged failure to state a claim, the Amended Complaint fairly includes the elements and facts to allege a violation of the 15 USC 1681s. If this Court disagrees, Plaintiff can amend his complaint and include more facts. As to

declaratory relief, if this Court believes damages are required to proceed, then an amendment asking for statutory damages can be included.

WHEREFORE, Plaintiff respectfully requests that this Court deny the motion to dismiss or transfer.

Respectfully submitted,

*/s/ J. Allen Roth, Esq*
J. Allen Roth, Esq. (PA ID 30347)
805 S Alexandria Street
Latrobe PA  15650
(724) 686-8003
federal@jarothlaw.com

ATTORNEY FOR SAMMY RODGERS

**CERTIFICATE OF SERVICE**

      I, J. Allen Roth, certify that I served a copy of the foregoing on the following persons on this 30th day of September, 2022:

Jonathan F. Ball, Esq. (by ECF)
Michael Trainor, Esq. (by ECF)

By First class mail to:

TransUnion LLC
% Prentice Hall Corporation System
2595 Interstate Drive Suite 103
Harrisburg PA  17110

Equifax Inc.
% Prentice Hall Corporation System
2595 Interstate Drive Suite 103
Harrisburg PA  17110

Equifax Credit Information Services inc.
% Prentice Hall Corporation System
2595 Interstate Drive Suite 103
Harrisburg PA  17110

Innovis Data Solutions Inc.
% Corporation Service Corp.
2595 Interstate Dr #103
 Harrisburg, PA 17110

Experian Information Solutions Inc.
% CT Corporation System
600 N 2nd St #401
Harrisburg, PA 17101

                                            */s/ J. Allen Roth, Esq.*